IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KRISTIE NICHOLE WOODWARD, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00923-O-BP |
| § | |
| WALMART ECOMMERCE CUSTOMER § | |
| CARE SERVICE CENTER, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This employment discrimination case was referred to the undersigned pursuant to Special Order No. 3 on August 12, 2020. ECF No. 6. Before the Court is the Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted and Brief in Support (ECF No. 23) filed by Defendants Paige Williams, Brandon Goines, and Patrice James ("Individual Defendants") on April 9, 2021. By Order dated April 19, 2021, the Court ordered Plaintiff to file a response to the Motion to Dismiss on or before April 30, 2021. ECF No. 27. Plaintiff did not file a response. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Individual Defendants' Motions to Dismiss (ECF No. 23) and **DISMISS WITH PREJUDICE** Plaintiff's claims against them.

**I.     BACKGROUND**

Plaintiff Kristie Nichole Woodward ("Woodward") sues her former employer, Walmart Ecommerce Customer Care Service Center ("Walmart"), the Individual Defendants, and Kaprece Harris for violating her rights under Title VII of the Civil Rights Act of 1964 ("Title VII") and the

Age Discrimination in Employment Act of 1967 ("ADEA"). ECF No. 23. Walmart has filed an answer, the Individual Defendants have filed the instant Motion to Dismiss, and Kaprece Harris has not been served with process. *See* ECF Nos. 24, 23, and 30. The following facts come from the Second Amended Complaint, and the Court accepts them as true for purposes of considering the Individual Defendants' Motions to Dismiss. *See Manguno v. Prudential Prop. & Case. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002).

In August 2018, Paige Williams ("Williams") reassigned Woodward twice after Woodward complained that she had not been paid for time off submissions, and Woodward was excluded from team activities. ECF No. 19 at 5. From September 7, 2018, through September 13, 2018, Woodward was unable to apply for different positions within the company because Patrice James ("James") withheld her performance metrics. *Id.* Woodward made a formal complaint to her supervisor, Williams, but she ignored it. *Id.* On September 29, 2018, while Woodward was on the telephone with a customer, the team manager, Natasha Thompson, yelled at her. *Id.* Woodward filed a formal grievance with Human Resources, but her grievance was never resolved. *Id.* Woodward was not allowed to attend a listening session with Corporate. *Id.*

In October 2018, James repeatedly harassed Woodward and created a hostile work environment. *Id.* During this time, Woodward was "humiliated" because she was assigned "a lowered desk on the production floor amongst her team." *Id.* The taller tables "mark superiority" and gave the others "better visibility of the floor while leading." *Id.* Additionally, James "openly berated [her] on the production floor," excluded her from team meetings, and "defied [her] ability to complete [her] job assignments." *Id.* In response, Woodward met with Williams and Robert Crowder to request a transfer, but her request was denied. *Id.*

In November 2018, Woodward asked Williams to correct errors on her attendance records, but Williams refused. *Id.* Woodward was "aware of at least one incidence of [Williams] erasing at least 90 negative hours for a Caucasian agent," and the other "agent was not placed on a disciplinary plan of action at any point." *Id.* After Woodward complained about the inconsistencies, Brandon Goines ("Goines") "routinely placed [her] on performance improvement plans (PIPs) for alleged 'reliability and attendance' issues." *Id.* Woodward was placed on PIPs for the months of November 2018, December 2018, and January 2019. *Id.* Due to "constant monitoring," Woodward's work schedule was changed, causing her to miss a day from work without informing her employer beforehand. *Id.* at 6.

Finally, in February 2019, Woodward contacted Goines "to discuss and reconcile attendance errors." *Id.* at 5. Goines responded instead by giving Woodward a first level "write up" based on her attendance and did not allow Woodward to work from home. *Id.* Woodward then reached out to her team manager, Jessica Harle, for assistance, but did not receive a response. *Id.* Woodward also noted discrepancies in her pay periods and paychecks. *Id.* at 6. She asked Kaprece Harris if Woodward's daughter could pick up her paycheck, but Harris denied her request. *Id.*

Woodward asserts that these actions violated Title VII and the ADEA. *Id.* at 3. Woodward claims that she was discriminated against and harassed during her employment because of her race, color, and age. *Id.* at 4. In their Motion to Dismiss, the Individual Defendants argue that Woodward's claims against them fail as a matter of law because Title VII and the ADEA both preclude personal liability suits against individuals who are not the plaintiff's employer. ECF No. 23 at 3.

## II.  LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

### B.  *Pro se* pleading standards

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.*

### C.  Dismissal with or without prejudice

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be

dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction").

Nonetheless, courts may appropriately dismiss an action with prejudice if the court finds that the plaintiff has alleged its best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Likewise, a court may dismiss an action with prejudice without affording plaintiff the chance to amend where the court invited the plaintiff to respond to the motion to dismiss, but he failed to do so. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). If the court "outline[s] in [its] opinion the deficiencies" of plaintiff's pleading and "plaintiff nevertheless cannot . . . amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that plaintiff has been shown all the deference he is due." *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2-*3 (quoting *Barber v. G.H. Rodgers*, No. CA3-84-1750-D (N.D. Tex. Sept. 13, 1988)).

### III. ANALYSIS

#### A. Woodward did not state a claim for violation of Title VII and the ADEA against the Individual Defendants.

Woodward alleges that the Individual Defendants subjected her to unequal terms and conditions of her employment, retaliated against her, harassed her, and created a hostile work environment in violation of Title VII and the ADEA. ECF No. 19 at 4. Specifically, she contends

5

that Williams violated her rights when she "completely erased negative hours for Caucasian, younger, newly hired agents" and replaced Woodward with a younger agent. *Id.* at 5. She asserts that James "repeatedly harassed" her and created a hostile work environment. *Id.* Finally, she alleges that Williams and Goines excluded her from emails, ignored her requests for resolution of grievances, and placed her on PIPs. *Id.* at 5-6. The Individual Defendants urge dismissal of Woodward's claims because only a plaintiff's employer may be personally liable under Title VII and the ADEA. ECF No. 23 at 3.

Title VII makes it unlawful for an employer to discharge or otherwise discriminate against a person "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Under Title VII an "employer" is defined as any "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks…" *Id.* § 2000e(b).

The ADEA makes it unlawful for an employer to discriminate against an individual based his or her age. 29 U.S.C. § 623(a). The ADEA defines "employer" as a person "engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year…." 29 U.S.C. § 630(b). "Employer" also includes "any agent of such a person…." *Id.*

The Fifth Circuit has held that Title VII and the ADEA provide no basis for individual liability for supervisory employees. *Grant v. Lone Star Co.*, 21 F.3d 659, 652 (5th Cir. 1994) (Title VII); *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (ADEA). Some courts have applied a hybrid economic reality test to determine whether an employer/employee relationship exists in Title VII and the ADEA cases. *Schweitzer v. Advanced Telemktg. Corp.*, 104 F.3d 761, 764 (5th Cir. 1997) (citing *Fields v. Hallsville Indep. Sch. Dist.,* 906 F.2d 1017 (5th Cir. 1990)). Under the

hybrid test, courts view the "right to control" as the most important consideration in determining whether an entity acted as the employer of the plaintiff. *Fields*, 906 F.2d at 1019. To determine whether an individual or entity is an employer, the court considers whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Mares v. Marsh*, 777 F.2d 1066, 1068 (5th Cir. 1985).

Woodward makes conclusory statements that the Individual Defendants are personally liable for violations under Title VII and the ADEA. *See* ECF No. 19. However, she does not plead any facts to show that they, as opposed to Walmart, were her employer. Nowhere does she allege how any of the Individual Defendants had the power to hire or fire employees, control the conditions of employment, determine the rate and method of payment, or maintain employment records. Simply being a supervisory employee or team leader such as the Individual Defendants does not make a person an employer who may be personally liable under Title VII or the AEDA. Because Woodward has not alleged facts to show that the Individual Defendants were her employer, she cannot recover against them under Title VII or the AEDA.

**B.    Woodward's claims against the Individual Defendants should be dismissed with prejudice.**

Because Woodward cannot recover against the Individual Defendants under Title VII or the AEDA on the facts she has alleged in her Second Amended Complaint, Judge O'Connor should dismiss her claims against them with prejudice. Woodward has amended her complaint twice, and any further amendment would be futile because any additional amended complaint could not cure the legal defect in her pleadings that individual defendants such Williams, Goines, and James were not her employer for purposes of Title VII and the ADEA. As a result, Woodward is not entitled

to recover against them under the facts that she alleged, and her claims should be dismissed with prejudice.

## IV.   CONCLUSION

Because Woodward did not assert a cognizable claim under Title VII or the ADEA against Williams, Goines, or James, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendants' Motion to Dismiss (ECF No. 23) and **DISMISS WITH PREJUDICE** Plaintiff's claims against them.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on July 14, 2021.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE