IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **KRISTIE NICHOLE WOODWARD,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00923-O-BP |
| | § | |
| **WALMART ECOMMERCE** | § | |
| **CUSTOMER CARE SERVICE** | § | |
| **CENTER,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is *pro se* Plaintiff Kristie Woodward's Notice of Dismissal, filed December 14, 2021, which stipulates dismissal of Woodward's claims against Kaprece Harris under Federal Rule of Civil Procedure 41(a)(1)(A). ECF No. 42. Woodward sued the Wal-Mart E-Commerce Customer Care Service Center and four individual defendants on August 10, 2020 in the Dallas Division of this Court. ECF No. 1. On August 12, 2020, her case was transferred to the Fort Worth Division, where it was referred to the undersigned pursuant to Special Order 3. *See* ECF Nos. 5, 6. Woodward filed her Second Amended Complaint on February 17, 2021, and proceeded to perfect service on all defendants except Harris. *See* ECF Nos. 20-22. As to Harris, the record reflects that service was attempted, but returned unexecuted. ECF No. 30.

By Order dated November 24, 2021, the Court informed Woodward that she is responsible for serving all defendants in this matter with a summons and a copy of the complaint, as required by Federal Rule of Civil Procedure 4. *See* ECF No. 39; Fed. R. Civ. P. 4(c). The Order stated "[i]f Woodward intends to pursue this action against Harris, the Court **ORDERS** her to complete and

return the USM-285 form and summons for Harris to the Clerk of Court **on or before December 14, 2021**." ECF No. 39 at 2. In the alternative, the Order instructed Woodward to "file a Notice of Dismissal of Harris as provided in Federal Rule of Civil Procedure 41(a)(1)(A)" if she does not wish to pursue her claims against Harris. *Id.* Woodward complied with that Order, stipulating dismissal of her claims against Harris. ECF No. 42.

Under Rule 41(a)(1)(A), Woodward may voluntarily dismiss her case without a court order if the opposing party has not served an answer or motion for summary judgment. To do so, she need only file a notice of dismissal with the Court. "That document itself closes the file [and] . . . the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court." *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963). Here, Harris could not have filed an answer or motion for summary judgement because Woodward has not yet perfected service upon her. Thus, Woodward is entitled to voluntarily dismiss her claim against Harris without a court order. *See* Fed. R. Civ. P. 41(a)(1)(A); *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1276 (5th Cir. 1990). Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Woodward's dismissal and **DISMISS** her claims against Kaprece Harris without prejudice.

**SIGNED** on December 15, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE